UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-40 |
| | § | |
| JONAS CARRERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jonas Carrera's Motion for Compassionate Release Pursuant to the First Step Act (Doc. 3430). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Carrera pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 170 months of imprisonment and three years of supervised release. Doc. 2326, J., 1–3.

Carrera, who is now forty-one years old, is serving his sentence at Victorville Medium I Federal Correctional Institution (FCI). His scheduled release date is January 1, 2028.[1] As of November 4, 2020, Victorville Medium I FCI has reported nine active and 341 recovered COVID-19

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

cases among inmates.[2] Carrera tested positive for COVID-19 in July 2020. Doc. 3430, Def.'s Mot., 18. He posits that though he "has avoided intubation or other extreme measures this time, he will likely suffer long term damage that will make the virus even more dangerous the second time around, and he has now been symptomatic for a time." *Id.* at 10.

On October 20, 2020, Carrera filed a motion seeking both compassionate release under 18 U.S.C. § 3582 and a court-appointed attorney. *Id.* at 1–2. The Court referred Carrera's request for counsel to the magistrate judge, who thereafter denied Carrera's request. Doc. 3435, Order, 1. Below, the Court addresses the remainder of Carrera's motion—his request for compassionate release.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

## III.

## ANALYSIS

As explained below, the Court denies Carrera's request for compassionate release because Carrera has not provided proof of exhaustion and has not shown extraordinary and compelling reasons for his release.

A.   *Carrera Has Not Demonstrated Proof of Exhaustion.*

Carrera's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In his motion, Carrera does not provide proof that he has exhausted his administrative remedies. Carrera acknowledges that a prisoner seeking compassionate release in federal court must first exhaust administrative remedies, Doc. 3430, Def.'s Mot., 6, and he attaches to his motion a letter dated July 18, 2020, in which he purportedly asks the warden of his facility for a sentence reduction or home confinement. *Id.* at 15. But Carrera does not attach any proof that the warden actually received his request. *See generally id.* In the absence of evidence that Carrera's request for

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

compassionate release ever reached the warden, Carrera has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding exhaustion requirement not met where defendant provided copy of letter purportedly sent to warden but did not provide proof warden received letter); § 3582(c)(1)(A) (allowing the defendant to bring a motion on his own behalf after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). Thus, the Court **DENIES** his motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.

B.  *Irrespective of Exhaustion, Carrera Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Carrera exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D.

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Carrera has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Carrera explains that he tested positive for COVID-19 in July 2020, and now the threat of the virus is "even more dangerous" for him. Doc. 3430, Def.'s Mot., 10. He also indicates he still experiences symptoms. *See id.* Moreover, Carrera states that, due to his positive test, he has been placed in "prolonged isolation," which is affecting his mental health. *Id.* at 11.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at Victorville Medium I FCI. But the facility's statistics—341 recovered cases and nine active cases of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Carrera's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Victorville Medium I FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Carrera's individual circumstances, the Court notes that his medical records reflect that he has met the CDC's "criteria for release from isolation." Doc. 3430-1, Med. Records, 17.

Though it is not clear whether Carrera has been released from isolation, the Court declines to find solitary confinement an extraordinary and compelling reason warranting Carrera's release. To the contrary, Carrera's placement in isolation upon receiving a positive COVID-19 test indicates that Victorville Medium I FCI is taking proper precautions to curb the spread of the virus. And the Court will not otherwise inquire into the propriety of the facility's placement of individual inmates in solitary confinement.

Moreover, though Carrera indicates in his motion that he still suffers from symptoms of COVID-19, his medical records indicate the opposite. Indeed, as recently as August 2020, Carrera has "denie[d] cough, [shortness of breath], muscle pain, fatigue, sore throat, . . . congestion, new loss of taste and smell, and/or chills." Doc. 3430-1, Med. Records, 8. Overall, given that Carrera appears to no longer be suffering from COVID-19 and that Victorville Medium I FCI appears to be properly caring for Carrera, Carrera has not demonstrated "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Carrera's failure to provide extraordinary circumstances constitutes another justification for denying his motion without prejudice.

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release is Not Warranted.*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the factors of § 3553. § 3582(c)(1)(A). Due to Carrera's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Carrera's case, the Court found fourteen years of imprisonment appropriate to serve these goals. *See* Doc. 2326, J., 2. Given that Carrera is scheduled to be released in January of 2028, he still has roughly seven years remaining on his sentence—meaning he has completed only half of his sentence. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. Thus, while the Court declines to foreclose compassionate release for Carrera based on § 3553, the Court advises Carrera that § 3553 could present an obstacle with respect to future compassionate-release requests.

D.   *The Court Lacks Authority to Grant Carrera's Request for Home Confinement.*

Though it is styled as a motion for compassionate release, Carrera's motion also requests home confinement. *E.g.*, Doc. 3430, Def.'s Mot., 12 (seeking "a reduction in sentence or home confinement placement"). Carrera's request to be released on home confinement is denied. It is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (noting that requests for home confinement "are properly directed to the [BOP]"). Thus, this Court lacks the authority to order home confinement.

## IV.

## CONCLUSION

Carrera's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Carrera's motion (Doc. 3430) **WITHOUT PREJUDICE**.

By denying Carrera's motion without prejudice, the Court permits Carrera to file a

subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Though the Court need not conduct that analysis today, it notes that § 3553 appears to favor a denial of compassionate release.

**SO ORDERED.**

**SIGNED: November 5, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE