UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-40 |
| | § | |
| JONAS CARRERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jonas Carrera's "Reply To Court's Order dated 11-05-2020" (Doc. 3442). The Court construes this filing as a motion for reconsideration of the Court's order denying Carrera compassionate release (Doc. 3437). For the reasons set forth below, the motion is **DENIED**.

## I.

## BACKGROUND

After Carrera pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 170 months of imprisonment and three years of supervised release. Doc. 2326, J., 1–3. On October 20, 2020, Carrera filed a motion for compassionate release under 18 U.S.C. § 3582, stating that he had tested positive for COVID-19 in July 2020, which caused lingering symptoms, and that he had been placed in prolonged isolation due to his diagnosis, which affected his mental health. *See* Doc. 3437, Mem. Op. & Order, 5 (citing Doc. 3430, Def.'s Mot., 10–11).

The Court denied Carrera's motion on two grounds. First, the Court found that Carrera had

not demonstrated proof of exhaustion because, though he submitted "a letter dated July 18, 2020, in which he purportedly ask[ed] the warden of his facility for a sentence reduction," he did not submit "any proof that the warden actually received his request." *Id.* at 3 (citations omitted). Second, the Court found that neither Carrera's alleged lingering symptoms of COVID-19 nor his placement in isolation constituted extraordinary and compelling reasons warranting his release. *Id.* at 4–6. Additionally, though the Court did not conduct a full analysis of the § 3553(a) sentencing factors, it noted that they may pose a hurdle for any future motion for compassionate release by Carrera. *Id.* at 6–7.

In his current motion, Carrera argues that the Court's findings as to exhaustion and extraordinary and compelling circumstances are erroneous. Doc. 3442, Def.'s Mot., 1–4. Further, he appears to seek clarification of the Court's § 3553(a) finding and urges the Court to consider his participation in prison programs to support his compassionate release. *Id.* at 5. Below, the Court addresses Carrera's objections to the exhaustion finding and the extraordinary-and-compelling-circumstances finding. The Court then explains its prior finding regarding the § 3553(a) factors, including why, despite Carrera's participation in prison programs, he is not eligible for compassionate release.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the

factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.    *Carrera Has Not Demonstrated Proof of Exhaustion.*

Carrera disputes the Court's finding that he has not exhausted his administrative remedies. As noted in the Court's prior order, § 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[1]

Carrera attached to his initial motion a letter dated July 18, 2020, in which he attempted to ask the warden of his facility for a sentence reduction or home confinement. Doc. 3430, Def.'s Mot, 15. But the letter itself does not provide any indication that the warden actually received his request, and Carrera did not attach any other proof of receipt by the warden. *See generally id.* In his motion for reconsideration, Carrera posits that his copy of his letter to the warden should be sufficient to

---

[1] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

prove he exhausted his administrative remedies. Doc. 3442, Def.'s Mot., 1–2. According to Carrera, absent a formal receipt from the warden, the only way one can prove exhaustion is to submit to the court his personal copy of the letter he sent to the warden. *See id.* But § 3582(c)(1)(A) unambiguously requires that a motion for compassionate release be brought thirty days after the warden *receives* such a request. § 3582(c)(1)(A). Defendants are required to *prove* compliance with § 3582(c)(1)(A). *See, e.g.*, *United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020). Proof of compliance ensures that the BOP had the first opportunity to assess the merits of a defendant's request. *See id.*

Further, Carrera cites *Houston v. Lack*, 487 U.S. 266 (1988), and proposes that inmate requests to prison staff should be deemed received as soon as they are placed in the prison mailing system. Doc. 3442, Def.'s Mot., 1. Carrera misunderstands *Houston*. *Houston* concerns timeliness of prisoners' notices of appeal filed in federal court. 487 U.S. at 269. It holds that a prisoner's notice of appeal is deemed timely filed in the district court if the prisoner submits the filing to prison officials for forwarding to the district court within the requisite period. *Id.* at 270. There is nothing in *Houston* that suggests it applies to prisoners' internal administrative requests to prison authorities, let alone to requests for compassionate release. *See generally id.*

Carrera's motion for reconsideration, like his initial motion, lacks proof that he complied with the exhaustion requirement of § 3582. Thus, the Court declines to disturb its prior finding that Carrera's request for compassionate release fails for failure to exhaust.

B.     *Irrespective of Exhaustion, Carrera Has Not Shown Extraordinary and Compelling Reasons for Release.*

Carrera also disputes the Court's finding that Carrera has not presented extraordinary and

compelling reasons warranting release. Doc. 3442, Def.'s Mot., 3–4. As the Court has already explained, U.S.S.G. § 1B1.13 "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[2] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2). Though U.S.S.G. § 1B1.13 is "not dispositive," it is "guid[ing]." *United States v. Rivas*, — F. App'x —, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

In its prior order, the Court found that Carrera had not presented extraordinary and compelling circumstances. First, the Court acknowledged that Carrera complained of mental-health problems resulting from prolonged isolation, but it noted that Carrera's records reflected he was eligible for release from isolation. Doc. 3437, Mem. Op. & Order, 5 (citation omitted). Further, it "decline[d] to find solitary confinement an extraordinary and compelling circumstance warranting Carrera's release" or to "inquire into the propriety of the facility's placement of individual inmates in solitary confinement." *Id.* at 6. Second, the Court discredited Carrera's assertion that he suffered from lingering symptoms of COVID-19 because "as recently as August 2020, Carrera ha[d] 'denie[d] cough, [shortness of breath], muscle pain, fatigue, sore throat, . . . congestion, new loss of taste and smell, and/or chills.'" *Id.* (quoting Doc. 3430-1, Med. Records, 8 (alterations in original)).

In his motion for reconsideration, Carrera: (1) argues the Court should consider the impact his time in isolation had on his mental health; (2) states that he has repeatedly asked the medical

---

[2] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

staff for an "update evaluation of the pains and muscle cramps he has been experiencing following COVID-19" to no avail; and (3) implies that inmates may falsely deny COVID-19 symptoms in order to avoid isolation. Doc. 3442, Def.'s Mot., 3–4. Even acknowledging Carrera's alleged mental-health symptoms resulting from isolation, and crediting his assertion that he suffers from "pains and muscle cramps" resulting from COVID-19, *id.* at 3, Carrera has still not demonstrated extraordinary and compelling circumstances warranting compassionate release. Indeed, there is nothing before the Court that indicates Carrera is "substantially diminish[ed in his] ability . . . to provide self-care within the environment of a correctional facility . . . ." U.S.S.G. § 1B1.13 cmt. n.1.

To the extent Carrera's request for compassionate release is premised upon the prison's alleged failure to comply with requests for medical visits, it is denied. Carrera has not alleged a total lack of medical care or any life-threatening issue that is not being addressed. And, in any event, a claim for insufficient medical care sounds in the Eighth Amendment and is beyond the scope of the inquiry pertinent to compassionate release. *United States v. Sanchez-Rodriguez*, 2020 WL 5057447, at *3 n.5 (N.D. Tex. Aug. 27, 2020). Insofar as Carrera seeks judicial review of his conditions of confinement, including the sufficiency of the medical care he is receiving in prison, he may file a civil-rights complaint. *Melot v. Bergami*, — F.3d —, 2020 WL 4782058, at *2 (5th Cir. 2020).

In sum, Carrera's motion for reconsideration does not present extraordinary and compelling reasons warranting release. Thus, the Court declines to disturb its prior findings on this matter.

C.   *The Court Need Not Analyze the 18 U.S.C. § 3553(a) Sentencing Factors.*

Finally, Carrera seeks clarification of the Court's prior § 3553(a) finding and urges the Court to consider his participation in prison programs. Doc. 3442, Def.'s Mot., 5 ("The Court has never clarified that it took under consideration Petitioner's rehabilitation, his exemplary prison record, his

programming prior to COVID-19's termination of his ability to program."). To clarify, the Court's initial denial of compassionate release for Carrera was based upon Carrera's failure to prove exhaustion and failure to demonstrate extraordinary and compelling circumstances. Doc. 3437, Mem. Op. & Order, 7. The Court expressly declined to conduct a full § 3553(a) analysis, as these failures alone precluded compassionate release. *Id.* at 6–7. The purpose of Section III.C of the Court's prior order was to advise Carrera that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the factors of § 3553(a) and to advise Carrera of those factors.

Today, the Court again declines to conduct a § 3553(a) analysis, as such an analysis remains unnecessary. The Court acknowledges that Carrera has participated in some prison programs, and the Court notes Carrera's assertion that he is rehabilitated. However, as Carrera admits, Doc. 3442, Def.'s Mot., 5, the Court is "not authorized to grant a [sentence] reduction based upon post-sentencing rehabilitation alone." *United States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (citing U.S.S.G. § 1B1.10 cmt. n.1).

## IV.

## CONCLUSION

Carrera's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. His motion for reconsideration does not alter these conclusions. For these reasons, the Court **DENIES** Carrera's motion (Doc. 3442).

SO ORDERED.

SIGNED: December 7, 2020.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE