UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-40 |
| | § | |
| JONAS CARRERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jonas Carrera's Motion for Compassionate Release (Doc. 3459). For the reasons set forth below, the Court **DENIES** Carrera's motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Carrera pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 170 months of imprisonment and three years of supervised release. Doc. 2326, J., 1–3. Carrera, who is now forty-one years old, is serving his sentence at Victorville Medium I Federal Correctional Institution (FCI). His statutory release date is January 1, 2028.[1] As of May 17, 2021, Victorville Medium I FCI reports one active and 605

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed May 17, 2021).

recovered cases of COVID-19 among its inmates.² Carrera previously filed a motion for compassionate release (Doc. 3430), which the Court denied by an Order dated November 5, 2020. Doc. 3437, Mem. Op. & Order, 1. Carrera then filed a "Reply To Court's Order" (Doc. 3442), which the Court construed as a motion for reconsideration and denied by an Order dated December 7, 2020. Doc. 3446, Mem. Op. & Order, 1. On March 30, 2021, Carrera filed the pending motion for compassionate release. Doc. 3459, Def.'s Mot., 1. The Court reviews Carrera's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A. *Carrera Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring

---

² The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed May 17, 2021).

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

The Court denied Carrera's first motion for compassionate release, in part, because Carrera "d[id] not attach any proof that the warden actually received his request" for compassionate release. Doc. 3437, Mem. Op. & Order, 3. In his new motion, however, Carrera attaches the letter he sent to the warden requesting compassionate release, as well as a letter from the warden—dated November 23, 2020—denying Carrera's request. *See* Doc. 3459, Def.'s Mot., 20–21. This evidence—particularly the warden's letter denying the request—demonstrates "the lapse of 30 days from the *receipt* of [a compassionate-release] request by the warden of the defendant's facility." § 3582(c)(1)(A) (emphasis added). Thus, Carrera has demonstrated proof of exhaustion, and the Court turns to the merits of his motion.

B.     *Carrera Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Carrera exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). Considering

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Carrera's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Carrera has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As he did in his first motion, Carrera explains that he "has already contracted [COVID]-19" and he "continue[s] to experience pains and muscle cramps throughout his body." Doc. 3459, Def.'s Mot., 2; *see* Doc. 3430, Def.'s Mot., 10. But as Carrera acknowledges, the Court previously "found these circumstances" did not warrant compassionate release. Doc. 3459, Def.'s Mot., 2; *see* Doc. 3437, Mem. Op. & Order, 5–6; Doc. 3446, Mem. Op. & Order, 5–6. However, Carrera offers no new evidence demonstrating that his medical conditions warrant compassionate release. *See generally* Doc. 3459, Def.'s Mot. And again, the Court finds that his previous infection and lingering symptoms do not hinder his ability to provide self-care while incarcerated and do not otherwise necessitate his release. Therefore, for the third time, the Court rejects Carrera's argument that his medical conditions constitute extraordinary and compelling reasons to grant him compassionate release. *See* Doc. 3437, Mem. Op. & Order, 5–6; Doc. 3446, Mem. Op. & Order, 5–6.

Additionally, Carrera argues that "[e]xtraordinary and compelling circumstances exist when the [BOP] fails to make available rehabilitative programming." Doc. 3459, Def.'s Mot., 12. Carrera states that "[a]ll rehabilitative programs have been suspended" due to COVID-19 protocols, and he is thus unable "to earn time credits" for completing those programs. *Id.* Even if these allegations are true, Carrera's situation does not rise to the level of extraordinary and compelling.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes

situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process." § 1B1.13(1)(A) cmt. n.1(A). Further, "[f]amily [c]ircumstances" may give rise to extraordinary and compelling reasons for a defendant's release in cases involving "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13(1)(A) cmt. n.1(C).

While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not necessarily require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency. And while Carrera's inability to participate in rehabilitative programs may prove frustrating to him, his situation is not urgent, and his release is not necessary. Additionally, a BOP policy to suspend rehabilitative programming within certain facilities is not a circumstance specific to Carrera and does not, therefore, warrant Carrera's release.

In any event, a claim challenging a BOP policy is beyond the scope of the inquiry pertinent to compassionate release. *See Melot v. Bergami*, 970 F.3d 596, 599-600 (5th Cir. 2020). Insofar as Carrera seeks judicial review of his conditions of confinement, including the ability to participate in rehabilitative programs while in prison, he may file a civil-rights complaint. *Id.*

Overall, there is nothing before the Court indicating that Carrera's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES**

Carrera's motion **WITHOUT PREJUDICE**.

C.    *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Carrera demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553, to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). And the Court is not persuaded that these factors support Carrera's request.

After Carrera pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court found 170 months of imprisonment appropriate to serve the goals of § 3553. *See* Doc. 2326, J., 1–2. Indeed, at the sentencing hearing, the Court noted that Carrera was "involved in [a] high-level methamphetamine distribution ring that has wreaked havoc on a lot of people's lives[.]" Doc. 2788, Tr., 31:2–4. Considering the severity of Carrera's crime, coupled with the fact that his "criminal history is about as high as it can go," the Court found that a "170-month sentence [was] fair and reasonable under the circumstances, not more than it should be to carry out the purposes of" § 3553. *Id.* at 32:6–15.

With a statutory release date of January 1, 2028, approximately seventy-nine months of Carrera's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Carrera's release. This is an independent justification to

deny his motion.

## IV.

## CONCLUSION

Carrera's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release and the §3553(a) factors weigh against his release. For these reasons, the Court **DENIES** Carrera's motion (Doc. 3459) **WITHOUT PREJUDICE**.

By denying Carrera's motion without prejudice, the Court permits Carrera to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. Moreover, Carrera must convince the Court that a weighing of the § 3553(a) factors supports his release.

**SO ORDERED.**

**SIGNED: May 17, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE