UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-40 |
| | § | |
| JONAS CARRERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jonas Carrera's Renewed Motion for Compassionate Release Pursuant to the First Step Act (Doc. 3524). For the reasons set forth below, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Carrera pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 170 months of imprisonment and three years of supervised release. Doc. 2326, J., 1–3. Carrera's Presentence Report applied a sentence enhancement for career offenders, which the Court adopted. Specifically, Carrera was a career offender based on two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1. However, despite the "enhancement," the offense level for the career offender enhancement was the same as the adjusted offense level in the Presentence Report. In other words, Carrera's career offender status did not increase his offense level in this case.

Carrera, who is now forty-three years old, is serving his sentence at Beaumont Medium

-1-

Federal Correctional Institution (FCI). His scheduled release date is January 1, 2028.[1] Carrera previously filed a motion for compassionate release in October 2020 (Doc. 3430). The Court denied Carrera's motion because he had not provided extraordinary and compelling reasons for his release. Doc. 3437, Mem. Op. & Order. Carrera has filed a renewed compassionate release motion. This time, Carrera offers new "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), including (1) his chronic medical conditions, (2) his rehabilitation since sentencing, and (3) changes in sentencing law. Doc. 3524, Mot., 1. Because the Court finds that Carrera has not demonstrated an "extraordinary and compelling reason" for release, the Court **DENIES** Carerra's Motion **WITHOUT PREJUDICE.**

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1. The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

III.

ANALYSIS

As a threshold matter, Carrera has adequately satisfied the administrative-exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

In his Motion, Carrera attaches an email he sent to Associate Warden Barlett on September 26, 2022 that requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[3] Over thirty days have passed since Carrera sent the email, and Carrera did not receive a response. Doc. 3524, Mot., 20. Accordingly, the Court finds that Carrera has adequately satisfied the exhaustion requirement and may properly bring this Motion.

A. *Carrera Has Not Demonstrated Extraordinary and Compelling Reasons Based on His Medical Conditions*

Carrera first contends he is entitled to compassionate release because of his chronic medical conditions. *Id.* at 6. In particular, Carrera says he previously contracted COVID-19 and now suffers side effects such as "shortness of breath, brain fog and head aches, [and] loss of smell and taste," for which he claims "medical is unable to provide any treatment." *Id.* (cleaned up). Carrera also points

---

[2] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020) (Boyle, J). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[3] Carrera's email cites 28 U.S.C. § 3582(c)(1)(A), but his intent is clear in "seeking a sentence reduction pursuant to . . . [the] First Step Act." Doc. 3524, Mot., 20.

to his sleep apnea and his need for a continuous positive airway pressure ("CPAP") device, which the medical staff has provided him. *Id.* Carrera also cites thyroid issues, high cholesterol, obesity, and his prior habit of smoking two packs of cigarettes a day as further reasons warranting his release. *Id.*

At the outset, the Court notes that Carrera has not provided any actual evidence of his medical conditions. *See generally* Doc. 3524, Mot. Carrera also provides no argument or evidence as to the severity or manageability of these conditions. *See generally id.* While the Court does not discount the seriousness of Carrera's conditions, the Court will not grant Carrera compassionate release on bare diagnoses alone. Such a decision would constitute a blanket pronouncement rendering those diagnoses "extraordinary and compelling" per se. The Court declines to make such a sweeping pronouncement that may concern the propriety of incarceration for all inmates with those medical conditions. *See, e.g., United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (Boyle, J.) (refusing to issue a blanket pronouncement as to "chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021) (Boyle, J.) (refusing to issue a blanket pronouncement as to "type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety") (alterations omitted).

Instead, the Court looks to whether there are extraordinary and compelling circumstances specific to Carrera's circumstances. This inquiry involves considering not only Carrera's diagnoses, but also the severity of his medical conditions and his ability to manage his health while incarcerated. *See Isidaehomen*, 2021 WL 243458, at *3. Carrera provides little information regarding his specific

circumstances beyond his diagnoses, and the Court does not independently find that his conditions are unmanageable or that they otherwise involve a degree of necessity and urgency such that compassionate release is warranted. *See United States v. McFadden*, 2020 WL 6531937, at *3–5 (E.D. Tex. June 25, 2020) (finding that although inmate suffered from prostate cancer which required surgical intervention, diabetes, high blood pressure, end-stage renal failure, and COVID-19 concerns, his medical conditions did not justify compassionate release).

B.  *Carrera Has Not Demonstrated Extraordinary and Compelling Reasons Based on Changes in the Law*

Carrera also contends he is entitled to compassionate release based on changes in sentencing law. Specifically, Carrera says he no longer qualifies for the "career offender" enhancement he received under the Sentencing Guidelines. Doc. 3524, Mot., 11–15.

Section 4B1.1 of the Sentencing Guidelines provides for an enhancement for a "career offender." A defendant is considered a career offender for purposes of sentencing if the instant offense is "either a crime of violence or a controlled substance offense" and the defendant has at least two prior felony convictions of "either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The Guidelines further define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Additionally, the Sentencing Commission's Application Notes indicate that a "controlled substance offense" also "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* cmt. n.1.

Despite these guidelines, Carrera argues that relying on his prior conviction for a drug conspiracy should not qualify as a "controlled substance offense" because it is an inchoate crime outside the guidelines' plain language. *See* U.S.S.G. § 4B1.1. In support, Carrera cites to *United States v. Nasir*, a Third Circuit case which held that the Sentencing Commission had improperly interpreted Section 4B1.2(b) to include inchoate crimes. 17 F.4th 459, 472 (3d Cir. 2021).

As a threshold matter, whether a post-sentencing change in law can itself constitute an "extraordinary and compelling" reason for compassionate release is a complicated question of law that has split several circuits. *Compare United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *with United States v. Ruvalcaba*, 26 F.4th 14, 26 (1st Cir. 2022); *see also Ruvalcba*, 26 F.4th at 24 (collecting split cases from various circuits). To date, the Fifth Circuit has not weighed in on the issue, and this Court seriously doubts that the "extraordinary and compelling" provision of § 3582(c)(1)(A)(i) can serve as an open runaround to the established paths for challenging convictions. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1363 (2022) (citing 28 U.S.C. § 2255 and accompanying provisions as existing avenues for such challenges); *see also United States v. Logan*, 532 F. Supp. 3d 725, 733 (D. Minn. 2021) (discussing the problems with treating legal changes as extraordinary and compelling under § 3582(c)(1)(A)(i)).

The Court need not decide that issue today, however, because Carrera has not demonstrated a change in law necessary to reach the issue. Specifically, Carrera's argument that a conspiracy charge cannot constitute a "controlled substance offense" under Section 4B1.1 of the Sentencing Guidelines is directly contradicted by Fifth Circuit precedent. In *United States v. Lightbourn*, the Fifth Circuit held that drug conspiracies were properly considered a controlled-substance offense that could trigger the career offender enhancement under Section 4B1.1. 115 F.3d 291, 293 (5th Cir.

1997); *see also United States v. Goodin*, 835 F. App'x 771, 782 (5th Cir. 2021) ("Goodin's conspiracy conviction is a controlled substance offense under the Sentencing Guidelines, and his challenge to this enhancement fails."). Carrera's reliance on other courts that have interpreted the provision differently are therefore not availing; this Court is bound by Fifth Circuit precedent. *See* Doc. 3524, Mot., 13 (citing *Nasir*, 17 F.4th at 472). Nor does the Court find persuasive Carrera's citation to *United States v. Taylor* as potentially compelling reconsideration of *Lightbourn*, as that case dealt with a different question entirely. *Id.* at 14. *See generally* 142 S. Ct. 2015 (2022).

C.  *Carrera Has Not Demonstrated Extraordinary and Compelling Reasons Based on His Rehabilitation*

Carrera also argues that his rehabilitation since his original sentencing constitutes an extraordinary and compelling reason for his release. Specifically, Carrera has completed a drug abuse program and is currently in a series of G.E.D. and vocational classes. Doc. 3524, Mot., 9.

Rehabilitation alone, however, cannot constitute an extraordinary and compelling reason for release. Rather, in instructing the Sentencing Commission to promulgate policy statements for compassionate release, rehabilitation was the *only* circumstance Congress expressly ruled out. 28 U.S.C. 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *Logan*, 532 F. Supp. 3d at 735. And while perhaps rehabilitation may be considered in conjunction with other factors, the Court finds that Carrera's circumstances—considered altogether—do not warrant compassionate release. *See Logan*, 532 F. Supp. 3d at 735.

To be sure, the Court commends Carrera for his efforts to address his drug abuse and get an education. These are important steps to his rehabilitation and, ultimately, reintegration. But

Congress's decision to rule out rehabilitation suggests that rehabilitation is expected, not extraordinary. *See id.* ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves.").

Accordingly, the Court finds Carrera's rehabilitation does not, whether considered alone or in conjunction with the other asserted bases for relief, constitute an extraordinary and compelling reason for release.

## IV.

## CONCLUSION

In sum, Carrera's request for compassionate release under § 3582(c)(1)(A)(i) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. As such, the Court **DENIES** Carrera's Motion (Doc. 3524) **WITHOUT PREJUDICE**.

By denying Carrera's Motion without prejudice, the Court permits Carrera to file a subsequent motion for compassionate release in the event he can both (1) satisfy the exhaustion requirement and (2) provide information supporting a finding of extraordinary and compelling reasons for release beyond those asserted in this Motion.

**SO ORDERED.**

**SIGNED: January 26, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE